107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Lewis ESTES, Defendant-Appellant.
 No. 96-5271.
 United States Court of Appeals, Sixth Circuit.
 Feb. 18, 1997.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; HULL, District Judge.*
 
 ORDER
 
 2
 This is a direct appeal from a criminal conviction in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1996, Donald Lewis Estes was convicted after a guilty plea of using interstate commerce to induce the purchase of non-exempted securities without having registered with the Securities and Exchange Commission, in violation of 15 U.S.C. §§ 78o(a)(1) and 78ff. The court sentenced Estes to a thirty (30) month term of imprisonment with a three year period of supervised release. This appeal followed.
 
 
 4
 Counsel for Estes filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Estes was served with this motion and a copy of the brief on August 5, 1996 and was invited to respond. See Freels v. Hills, 843 F.2d 958, 961 & n. 3 (6th Cir.), cert. denied, 488 U.S. 997 (1988). Estes chose not to respond.
 
 
 5
 In December 1990, an individual first approached Estes, a Kentucky resident, with information concerning a Texas company that was financing international commodities transactions through the medium of pooled investor funds. Estes later became interested in participating in the sale of these pooled investor contracts with the Texas company, Custom Trading International Corporation, and a subsidiary joint venture. The participants in the joint venture sold the contracts to individuals in 24 states, including Texas.
 
 
 6
 The parties to the criminal action agreed that the investor contracts were securities within the definition of 15 U.S.C. § 78c(a)(10) and that they were not exempt under 15 U.S.C. § 78c(a)(12). The parties also agreed that Estes played an active role in the venture, all the while having knowledge that his failure to register with the Securities and Exchange Commission rendered his activities illegal. Estes was first charged with securities violations in the Western District of Texas and then consented to a transfer to the Eastern District of Kentucky pursuant to Fed.R.Crim.P. 20.
 
 
 7
 There are no grounds apparent to invalidate the plea or conviction. Estes pleaded guilty to an offense that was committed in the Eastern District of Kentucky. Specifically, Estes conceded that the government could prove he marketed nonexempt securities without the proper license. The language of the information tracks that of the statutes, Estes admitted that he committed the offense in, among other places, the Eastern District of Kentucky and he acquiesced to the Criminal Rule 20 transfer. Therefore, neither jurisdiction nor venue appears to be in issue in this case and Estes's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 8
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c), including an inquiry into Estes's capacity to offer the plea, and the recitation of the factual basis for the plea. The court accurately related the maximum penalties to which Estes would be exposed and determined that he was not under the influence of any drugs. There does not appear to be any defect in the plea proceedings.
 
 
 9
 It is noted that the record contains a clear waiver of Estes's right to contest the sentence on direct appeal if it falls within the range contemplated. The sentence meted out does fall within the range limits in the agreement. A facially valid agreement not to challenge a guideline sentence will be enforced against a defendant in the Sixth Circuit. United States v. Allison, 59 F.3d 43, 46 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995). There are no grounds apparent to justify setting aside the waiver and the merits of the sentence are therefore not before the court. The appeal lacks merit.
 
 
 10
 Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation